USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

XAVIER ARAU,

　　　　　　　　　Defendant.

21-cr-00570 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

　　This order follows the Court's bail hearing held on September 27, 2021. After having been arrested on charges in a federal complaint and ordered detained, [ECF Nos. 1–4], Defendant Xavier Arau was indicted on September 14, 2021 on charges that he intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and that he knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Indictment [ECF No. 7]).

　　On September 15, 2021, the parties appeared by phone for a further bail review hearing in front of Magistrate Judge Cave. Over objection from the government, the Court ordered the defendant released on a $200,000 personal recognizance bond with certain additional conditions. (Bail Disposition [ECF No. 9]). Magistrate Judge Cave stayed her ruling pending the government's appeal.

　　The government's appeal was argued before the Court on September 27, 2021. For the reasons stated on the record during the September 27, 2021 hearing, and, as described more fully below, the Court finds that there are no set of conditions that would reasonably assure that Defendant is not a danger to the community. As such, release pending trial is not appropriate and Defendant shall remain in custody.

**I.   Background**

Defendant was first arrested on September 2, 2021, based on information from a confidential source, while in possession of a loaded firearm and 35 bags of crack cocaine. (Complaint (Compl.) [ECF No. 1] ¶ 1).  Defendant was charged by the Bronx District Attorney's Office and released on supervised release.  Five days later, Defendant was charged by federal complaint and arrested while in possession of 60 bags of crack cocaine.

Defendant was presented before Magistrate Judge Cave on September 8, 2021 and was ordered detained based on a finding by Magistrate Judge Cave that the defendant was a danger to the community.  (Sept. 8, 2021 Bail Hearing Transcript [ECF No. 11-1], at 28:13–18).  On September 10, 2021, Magistrate Judge Cave *sua sponte* scheduled a bail review hearing for September 14, 2021.  That hearing was adjourned to September 15, 2021 after the Indictment charging Defendant was returned.

At the bail review hearing, over objection from the government, the Court ordered the defendant released on a $200,000 personal recognizance bond, co-signed by five financially responsible persons, subject to home incarceration enforced by location monitoring, with the following additional conditions:

- Travel restricted to SDNY/EDNY
- Defendant to reside at his mother's home
- Defendant not to view or use social media
- Defendant not to use the phone unless to call pretrial services, counsel or family
- Defendant not to obtain a new phone
- Defendant's mother to serve as a third party guarantor
- Within 24 hours of release, defendant to appear by telephone before Magistrate Judge Cave for bail warnings
- If defendant's mother must leave home, she must advise pretrial services at least 24 hours in advance and arrange for another family member to stay with the defendant.

At the conclusion of the hearing, the government asked that Magistrate Judge Cave's ruling be stayed pending an anticipated appeal by the government. On September 27, 2021, this court held a bail review hearing.

## II. Applicable Law

The Court reviews de novo a Magistrate Judge's decision to release or detain a defendant pending trial. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Where a defendant is charged under 18 U.S.C. § 924(c) or 21 U.S.C. § 841(b)(1)(C), there is a rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant is released. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011); *see also United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018). The presumption shifts to a defendant "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *English*, 629 F.3d at 319 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

"At all times, however, 'the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *Id.* (quoting *Mercedes*, 254 F.3d at 436). For purposes of the bail statute, the concept of dangerousness includes "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993).

In determining whether a defendant has rebutted that statutory presumption, courts are instructed to consider: (1) the nature and circumstances of the crime charged; (2) the weight of

3

the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, community ties, past conduct; and (4) the nature and seriousness of the danger to the community or to an individual.  *See* 18 U.S.C. § 3142(g)(1).

Even where a defendant produces sufficient evidence to rebut the statutory presumption of detention, the presumption does not disappear; instead it becomes a factor to be weighed and considered like all the others in deciding whether to release the defendant. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *see also United States v. Horton*, 653 F. App'x 46, 47 (2d Cir. 2016).

"The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [release/remand] hearing."  18 U.S.C. § 3142(f)(2).  For example, the government is entitled to present evidence supporting remand by way of proffer, among other means.  18 U.S.C. § 3142(f)(2); *see also United States v. Brooks*, 872 F.3d 78, 85 n.11 (2d Cir. 2017).  18 U.S.C. § 3142(f)(2) expressly states that the Federal Rules of Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence.  *See United States v. Abuhamra*, 389 F.3d 309, 321 n.7 (2d Cir. 2004).  "District courts [are afforded] wide discretion regarding the scope of such hearings . . . ." *United States v. Bartok*, 472 F. App'x 25, 27 (2d Cir. 2012); *see also United States v. Martir*, 782 F.2d 1141, 1147 (2d Cir. 1986).

A defendant must be detained pre-trial if after a hearing, the judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1); *see also United States v. Mattis*, 963 F.3d 285, 290–91 (2d Cir. 2020); *Mercedes*, 254 F.3d at 436.

### III. Discussion

As set forth below, the Court finds that Defendant poses a danger to the community. As such, the defendant will be detained pending trial.

The most significant consideration in this case is the nature and circumstance of the offense. When the defendant was originally arrested on September 2, 2021, he possessed a loaded firearm and 35 bags of crack cocaine. Undermining any assurance that Defendant will not pose a danger is the fact that after the defendant was released after his initial arrest, he went right back to selling crack cocaine and possessed 60 bags of crack cocaine when he was arrested on federal charges the second time a mere five days later. The government has also brought to the Court's attention a photo from two weeks before Defendant's arrest, in which the defendant poses with a group of friends. In that photo, Defendant is clearly in possession of a firearm.

The government has also proffered that the defendant is a member of a street gang known as Mitchels or ABG that has engaged in shootings, robberies, and other acts of violence in the past several years. Indeed, the government has proffered that the defendant was involved in a slashing of a rival gang member in May 2020.

The weight of the evidence against the defendant with respect to both of the charges in the indictment in this case is also significant and militates in favor of detention. The defendant was first arrested carrying a loaded firearm while also carrying distribution quantities of crack cocaine. The firearm was readily accessible to protect his drugs and thus strongly suggesting it was possessed in furtherance of his drug trafficking offense. *See United States v. Snow*, 462 F.3d 55, 62-63 (2d Cir. 2006). Further, the defendant was first arrested with 35 bags of crack cocaine and was then arrested again, 5 days letter, with 60 more such bags. The defendant cannot make a serious argument that such quantities were for personal consumption.

5

Defendant contests much of government's proffer, but his arguments are unpersuasive. He attempts to mitigate the seriousness of the gun possession by noting the absence of any charge for using or brandishing the firearm, but that does not substantially mitigate the fact that he was in possession of a loaded firearm when he was arrested. Defendant also questions the government's claim that he has a "pattern" of carrying firearms because there is no proof that the gun he possessed in the photo was loaded or that it belonged to him. Those assertions, even assuming them to be true, are irrelevant. *United States v. Desena*, 287 F.3d 170, 180 (2d Cir. 2002) ("[A] defendant 'carries' a firearm [for purposes of a § 924(c) violation] by [] bearing it on his person." (quoting *Muscarello v. United States*, 524 U.S. 125, 126–27 (1998)). Certainly these arguments, do not mitigate the fact that the defendant possessed a firearm on multiple occasions.

Defendant also cites to the charges in the Indictment, noting that much of the conduct that the government relies on in its proffer is not charged. However, the government is not limited to the charges in the indictment when seeking a remand into custody pending trial. *See* 18 U.S.C. § 3142(f)(2); *see also Brooks*, 872 F.3d at 85 n.11.

Defendant cites to the stringent conditions of release that he presented to Magistrate Judge Cave as support for his release, arguing that they would assure his appearance at Court and negate the danger that Defendant poses to the community. (Defendant's Letter (Def. Ltr.) [ECF No. 12]). However, in a presumption case such as this (here, there are two charges that each carry a presumption), the presumption for pre-trial detainment may be rebutted by the defendant "coming forward with *evidence* that he does not pose a danger to the community," *Mattis*, 963 F.3d at 290 (emphasis added) (citation omitted), not merely suggesting more stringent conditions. Indeed, in this case, the presumption itself is that "no condition or combination of conditions will reasonably assure . . . the safety of the community." *Id.* (quoting 18 U.S.C. § 3142(e)(3)).

6

Significantly, many of the conditions added at the second bail hearing (at which Magistrate Judge Cave reversed her initial order that Defendant be detained) appear impracticable if not impossible to enforce. As the pre-trial officer acknowledged at the second bail hearing before Magistrate Judge Cave, "it would be very difficult for Pretrial to consistently ensure that [Defendant's] not accessing social media." (Sept. 15, 2021 Bail Hearing Transcript [ECF No. 15-1], at 19:7–9). This Court is not aware of any caselaw which states that it must assume compliance with proposed bail conditions, which pre-trial services itself says will be difficult to enforce. The Court agrees with the government that these conditions are impractical and ripe for abuse.

### IV. Conclusion

For the reasons discussed above, pursuant to 18 U.S.C. § 3148, it is hereby ORDERED that Defendant Xavier Arau shall remain in the custody of the United States Marshal.

**SO ORDERED.**

Date: **September 27, 2021**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**